UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. BROWN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KINROSS GOLD U.S.A., INC.;<br>KINROSS GOLD CORP.; KINAM<br>GOLD, INC.; and ROBERT M. BUCHAN,<br><br>Defendants. | 2:02-CV-0605-PMP (RJJ)<br><br><u>O R D E R</u> |

Presently before the Court is Defendants' Motion for Clarification or Limited Reconsideration of Three Discrete Aspects of the Court's Summary Judgment Ruling (Doc. #252) and Memorandum in Support (Doc. #253), filed on February 21, 2008. Plaintiffs filed an Opposition (Doc. #256) on March 10, 2008 and a Corrected Opposition (Doc. #257) on March 11, 2008. Defendants filed a Reply (Doc. #261) on April 2, 2008.

**I. BACKGROUND**

The parties are familiar with the facts out of which this dispute arises, and this Court previously has set out the factual background in its prior Order. (Order [Doc. #248] dated Jan. 23, 2008.) On January 23, 2008, this Court entered an Order, granting in part and denying in part Defendants' motion for summary judgment. (<u>Id.</u>) The Court denied the motion as to the breach of contract claim (count one). (<u>Id.</u> at 11-13.) First, the Court ruled that genuine questions of material fact existed as to Defendants' alter ego status. Second, the Court ruled that, if Defendants are alter egos, genuine issues of material fact existed as

to whether Defendants breached the terms of the Preferred.  (Id. at 11-13.)  Finally, the Court ruled that genuine issues of material fact existed to preclude summary judgment based on whether Plaintiffs suffered damages as a result of the alleged breach.  The Court granted Defendants' motion for summary judgment as to the breach of fiduciary duty claim (count two) as asserted against Defendant Robert Buchan.  The Court also granted summary judgment in all Defendants' favor on Plaintiffs' breach of fiduciary duty claim arising from the Franklin Transaction.  (Id. at 13-20.)  However, the Court denied Defendants' motion for summary judgment regarding the remaining aspects of Plaintiffs' breach of fiduciary duty claim, ruling that a genuine issue of material fact existed as to whether Defendants' Tender Offer was coercive, and whether and to what extent the Tender Offer damaged Plaintiffs.

Defendants move the Court to clarify or reconsider three aspects of the Court's Order.  Specifically, Defendants move this Court to: (1) clarify whether the class of Plaintiffs who did not tender their shares have a claim for breach of fiduciary duty; (2) whether Defendants' alleged breach of Article 4C.(7) bears a causal connection to Plaintiffs' alleged damages; and (3) whether the Court's ruling is consistent with existing law regarding alter ego liability.

**II.  LEGAL STANDARD**

Reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust.  Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004).  A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.  Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

///

///

## III. DISCUSSION

### A. Holder Subclass's Claim for Breach of Fiduciary Duty

Defendants request this Court to clarify whether, in its Order denying in part summary judgment on Plaintiffs' claim for breach of fiduciary duty, the Court intended to deny summary judgment with respect to the Holder Subclass, which is comprised of the holders of the Preferred who did not tender their shares in response to the Tender Offer. Defendants argue that because members of the Holder Subclass did not tender their shares, they did not suffer any damages under the Tender Offer because they earned a profit. Plaintiffs argue that procedurally Defendants are making the same argument they already made in their motion for summary judgment and the Holder Subclass suffered damages because the value of their Preferred shares decreased in value as the result of the Tender Offer.

In their motion for reconsideration, Defendants make the same argument they made in their motion for summary judgment. The Court addressed the damages issue in its prior Order. (Order at 19.) Consequently, the Court held Defendants are not entitled to summary judgment, and thus the ruling encompassed the claim asserted by the Holder Subclass. The Court therefore denies Defendants' motion for reconsideration as to this claim.

### B. Breach of Article 4C.(7)

Article 4C.(7) of the Articles provides that holders of the Preferred are entitled to elect two additional directors to Kinam's board in the event that six dividend payments were in arrears. Defendants argue that failure to allow the holders of the Preferred to elect two directors could have not have caused them any damage because even if holders of the Preferred had been able to elect two additional directors, they could not have changed the results of the board's voting because Kinross still controlled the other five directors. Plaintiffs concede the provision was not intended to afford them a majority vote, but argue

instead that two additional directors would have provided them an opportunity to influence and affect the function of board, and specifically the board's handling of the Tender Offer.

In moving this Court to reconsider, Defendants make the same argument they made in their motion for summary judgment. The Court ruled on this matter in its prior Order. (Order at 16.) The Court therefore denies Defendants' motion for reconsideration as to this claim.

### C. Alter Ego Standard

Defendants move this Court to reconsider the denial of summary judgment on Plaintiffs' breach of contract claim based on the existence of a genuine issue of material fact as to the alter ego status of Defendants. In doing so, Defendants reiterate the positions they articulated in their motion for summary judgment. As a motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the Court already has ruled, this Court will deny Defendants' motion for reconsideration regarding this issue.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Clarification or Limited Reconsideration of Three Discrete Aspects of the Court's Summary Judgment Ruling (Doc. #252) is hereby DENIED.

DATED:   May 2, 2008.

_____

PHILIP M. PRO
United States District Judge

4