...

1  Counsel for Plaintiffs

2  Merrill G. Davidoff
   Michael Dell'Angelo
3  **BERGER & MONTAGUE, P.C.**
   1622 Locust Street
4  Philadelphia, PA 19103
   Tel: (215) 875-3000
5  Fax: (215) 875-4608

6  REGINALD H. HOWE
   49 Tyler Road
7  Belmont, MA 02478
   Tel: (617) 484-0029

8

9                      **UNITED STATES DISTRICT COURT**
                            **DISTRICT OF NEVADA**
10

11 _____
                                        |
   Brown v. Kinross Gold U.S.A., Inc.   |   CV-S-02-0605-PMP-(RJJ)
12 _____|
   This Document Relates To:            |       **ORDER EXTENDING**
13                                      |   **THE CLAIMS FILING DEADLINE**
                                        |   **AND APPROVING DISSEMINATION**
14                                      |   **OF SUPPLEMENTAL NOTICE TO**
   All actions.                         |   **THE SETTLEMENT CLASS**
15 _____|_____

16

17

18

19

20

21

22

23

24

1   WHEREAS, Lead Plaintiffs and Class Representatives Robert A. Brown, Glenbrook Capital LP, Andrew D. Kaufman, George P. Drake, and CN&L Investment Corp. (collectively "Lead Plaintiffs"), by and through their undersigned counsel of record, Berger & Montague, P.C. and Reginald H. Howe (individually "Lead Counsel" or collectively "Co-Lead Counsel"), in the above-captioned class action litigation (the "Action"), on behalf of themselves and the members of the Settlement Class, have moved for approval to disseminate supplemental notice to the Settlement Class.

WHEREAS, all defined terms contained in this Order shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated November 7, 2008 (Exhibit 1 to Dkt. No. 290).

WHEREAS, on November 12, 2008, the Court approved, as to form and content, the Notice of Class Action Certification, Proposed Settlement, Motion for Attorneys' Fees and Expenses and Hearing Thereon (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication and found that the mailing and distribution of the Notice and publishing of the Summary Notice to the Settlement Class, substantially in the manner and form set forth in the Order, met the requirements of Federal Rule of Civil Procedure 23, including the provisions relating to notice set forth in subsections (c), (d), (e), and (h) of Rule 23, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto. (*See* Dkt. 295).

WHEREAS, pursuant to the Plan of Allocation set forth in the Notice, for a period of up to twelve (12) months after the March 31, 2009, deadline for filing Proof of Claims and Releases in this action, the Claims Administrator was required to undertake

1

1  reasonable efforts to identify Class Members, if any, who were not identified or reached
2  at the time of the mailing of the Notice.
3       WHEREAS, the Claims Administrator and Lead Counsel for the Settlement Class
4  have identified certain Class Members who were not identified or reached at the time of
5  the mailing of the Notice.
6       WHEREAS, in an effort to identify additional members of the Settlement Class
7  who have not submitted a Proof of Claim form and in furtherance of the duty to attempt
8  to identify such persons, the Claims Administrator and Lead Counsel for the Settlement
9  Class wish to disseminate a Supplemental Notice of Extended Deadline for Filing Proof
10 of Claim Forms and Motion for Supplemental Award of Attorneys' Fees and Nontaxable
11 Costs ("Supplemental Notice"), substantially in the form attached as Exhibit 1 to Lead
12 Plaintiffs' Memorandum and Points of Authority in support of Lead Plaintiffs' Motion to
13 Disseminate Supplemental Notice to the Settlement Class ("Memorandum").
14      WHEREAS, in an effort to identify additional members of the Settlement Class
15 who have not submitted a Proof of Claim form and to afford Settlement Class members
16 identified by the Claims Administrator or Class Counsel who have not yet submitted a
17 Proof of Claim form adequate time to do so, Class Counsel has moved to extend the final
18 claims filing deadline from April 31, 2010 to July 30, 2010.
19      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:
20      1.    The Court approves, as to form and content, the Supplemental Notice,
21 substantially in the form attached as Exhibit 1 to the Memorandum and finds that the
22 mailing, distribution, and publication of the Supplemental Notice, substantially in the
23 manner and form set forth in ¶¶2-4 of this Order, meets the requirements of Federal Rule
24 of Civil Procedure 23, including the provisions relating to notice set forth in subsections

1  (c), (d), (e), and (h) of Rule 23, as applicable, and due process, and is the best notice
2  practicable under the circumstances and shall constitute due and sufficient notice to all
3  Persons entitled hereto.

4      2.    As soon as practicable, Plaintiffs' Lead Counsel shall cause a copy of the
5  Supplemental Notice to be mailed by first-class mail to all Settlement Class Members
6  who have been and/or can be identified with reasonable effort including, without
7  limitation, to each of the 3,342 addressees to whom the Claims Administrator mailed the
8  Notice (s*ee* Dkt. 310-5, at ¶ 11), each and every Settlement Class Member who submitted
9  a valid Proof of Claim form, and any other potential Settlement Class Member that has
10 been identified by the Claims Administrator or Lead Counsel through and including the
11 date of the mailing of the Supplemental Notice.

12     3.    Not later than five (5) calendar days after the entry of this Order,
13 Plaintiffs' Lead Counsel shall cause the Supplemental Notice to be posted at
14 www.bergermontague.com, www.goldensextant.com, and
15 www.hrsclaimsadministration.com and shall cause copies of the Notice, Summary
16 Notice, Proof of Claim form and Supplemental Notice to continue to remain so posted for
17 a period of not less than sixty (60) days thereafter.

18     4.    Not later than five (5) calendar days after the entry of this Order,
19 Plaintiffs' Lead Counsel shall cause the Supplemental Notice to be disseminated on the
20 *PR Newswire*.

21     5.    The Claims Administrator is hereby authorized to accept as timely
22 submitted Proof of Claim Forms post-marked not later than July 30, 2010.

6. All members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable, to the Settlement Class.

7. The publication of the Supplemental Notice shall not operate to grant any member of the Settlement Class the right to request exclusion from the Settlement Class or to file any objection to the Settlement as any such right expired on January 15, 2009, pursuant to prior Order of this Court. (*See* Dkt. 295).

8. Nor shall the publication of the Supplemental Notice confer upon any Member of the Settlement Class the right or opportunity to appear and show cause why the Settlement of the Action should not have been approved as fair, reasonable and adequate, why a judgment should not have been entered thereon, why the Plan of Allocation should not have been approved, why attorneys' fees and expenses that have previously been awarded should not have been so awarded to Plaintiff' Counsel, or why the service awards and expenses of the Lead Plaintiffs should not been awarded as provided. However, if Counsel for the Plaintiffs seek a supplemental award of attorneys' fees and/or non-taxable expenses, any member of the Settlement Class may appear and show cause pursuant to Fed.R.Civ.P. 23(h)(2), why any requested supplemental award of attorneys' fees and/or non-taxable expenses that has not yet been awarded should or should not be awarded to Plaintiff' Counsel. Except, however, no Settlement Class Member shall be heard or entitled to contest such matters, unless that Settlement Class member has delivered by hand, or sent by first-class mail or private courier, written objections and copies of any papers and briefs such that they are received on or before July 30, 2010, by Merrill G. Davidoff, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103, and Robert S. Clark, Esquire Parr Brown Loveless &

4

Gee, P.C. 185 South State Street, Suite 800 Salt Lake City, UT 84111, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Nevada, on or before July 30, 2010. Any such objection must include: (a) the full name, address, and phone number of the person on whose behalf the objection is made; (b) a list of the transactions in the $3.75 Series B Convertible Preferred Stock of Kinam Gold Inc. made by that person; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the person making the objection intends to appear, if at all, personally or through a designated representative at any hearing that may be held on the matter; (g) a list of other cases in which both the person making the objection and, if represented by counsel, his or her counsel, both have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the signature of the person making the objection and, even if represented by counsel, as well as the signature of counsel, if any, who represents the person making the objection. If the objector intends to appear at any hearing on the matter, if any, through counsel, the objection must also state the identity of all attorneys who will appear at any such hearing. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection.

9. Plaintiffs' Lead Counsel shall continue to have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the final distribution of the Settlement Fund is not materially delayed thereby.

5

1    10. The Parties are permitted to modify the form of the Supplemental Notice without further Court approval prior to publication, mailing and/or posting to correct subsequently discovered errors, enhance existing disclosures, include additional disclosures, or to simplify the text for the purposes of improving the accuracy of those documents or to aid the Settlement Class' comprehension and understanding.

11. The Defendants and Defense Counsel shall have no responsibility for any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel.

IT IS SO ORDERED.

Dated: June 25, 2010

_____
THE HONORABLE PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

499535